77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert (Bob) H. HOPKINS, Defendant-Appellant.
 No. 95-6120.
 United States Court of Appeals, Tenth Circuit.
 Feb. 14, 1996.
 
 Before PORFILIO, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 PORFILIO, Cirucit Judge.
 
 
 2
 Robert E. "Bob" Hopkins appeals his conviction for accepting a bribe while serving as a commissioner on the Oklahoma Corporation Commission, claiming the district court erred in denying his motion for severance. The issue in this case is whether Mr. Hopkins is entitled to severance when the jury will hear prejudicial evidence admissible only against a codefendant. We conclude the district court did not abuse its discretion by denying severance and AFFIRM.
 
 I.
 
 3
 Mr. Hopkins was indicted for accepting a bribe in violation of 18 U.S.C. 666(a)(1) to influence his vote on a public utilities rebate case pending before the Oklahoma Corporation Commission. Mr. Hopkins was tried jointly with codefendant William Anderson, an attorney who represented Southwestern Bell in Corporation Commission matters. Mr. Anderson was charged with paying the bribe.
 
 
 4
 Prior to trial, Mr. Hopkins moved for severance, claiming he would be prejudiced in a joint trial because the government planned to present evidence in the form of tape recorded statements made by Anderson which implicated Mr. Hopkins. Because Mr. Anderson was not going to testify at trial, Mr. Hopkins argued his confrontation rights would be compromised. The court denied the motion, and the government presented the tape recorded evidence at trial without further objection. When the tapes were offered into evidence and again in the closing charge, the court instructed the jury the tapes were to be considered as evidence against a defendant only where that defendant is a participant in the taped conversation, and not otherwise.
 
 
 5
 The original indictment included a conspiracy charge in violation of 18 U.S.C. 1512(b)(3), alleging Anderson and Mr. Hopkins conspired to prevent agents of the FBI from learning about the illegal payments. Ultimately, the conspiracy charge was dismissed. At the close of trial, however, the district court made a finding that the evidence showed a common plan involving Mr. Hopkins, Mr. Anderson and others. Consequently, the court determined acts or statements of one member of the joint venture were admissible against the other parties to the venture.
 
 
 6
 Mr. Hopkins now appeals the district court's denial of his severance motion, claiming the joint trial compromised his confrontation rights and prevented the jury from making a reliable judgment about his guilt or innocence. Essentially, Mr. Hopkins contends the severance rule set forth in Bruton v. United States, 391 U.S. 123 (1968), should not be limited strictly to cases involving codefendant confessions. Rather, the procedural protection should be extended to all cases involving codefendant statements that implicate a defendant and are protected from cross-examination because of the privilege against self-incrimination. Mr. Hopkins also argues the evidence was not admissible as coconspirator statements under Fed.R.Evid. 801(d)(2)(E) because the taped statements were not made in the furtherance of the conspiracy. He contends they were simply narrative statements that "spilled the beans" after the fact and fell outside the scope of the conspiracy.
 
 II.
 
 7
 Where joinder of defendants is proper under Fed.R.Crim.P. 8(b), severance is permissible only upon a showing of prejudice under Fed.R.Crim.P. 14. The rule does not require severance even if prejudice is shown; rather, it leaves any decision to grant severance to the sound discretion of the trial court. Zafiro v. United States, 506 U.S. 534, ---, 113 S.Ct. 933, 938 (1993). Thus, we review denials of severance motions for abuse of discretion. United States v. Scott, 37 F.3d 1564, 1579 (10th Cir.1994), cert. denied, 115 S.Ct. 773 (1995). To establish abuse of discretion, more is required than a mere showing that separate trials might have given defendants a better chance for acquittal. Id.
 
 
 8
 Mr. Hopkins contends the trial court abused its discretion to grant severance and erroneously admitted Anderson's tape recorded statements because the statements implicated Mr. Hopkins and he had no opportunity to cross-examine Anderson at trial, citing Bruton, 391 U.S. at 126. Bruton held that a defendant is deprived of his rights under the Confrontation Clause when his non-testifying codefendant's incriminating confession is introduced at their joint trial, even when the jury is given clear, concise, and understandable instructions to consider that confession only against the codefendant. By its context, Bruton is limited to codefendant's confessions. Although Mr. Hopkins urges us to extend Bruton to all incriminating codefendant statements by asking us to apply its protection to the government's tape recorded evidence, we decline to do so.
 
 
 9
 This court has consistently limited the application of Bruton to codefendant confessions. United States v. Hill, 901 F.2d 880, 883 (10th Cir.1990). Arguments in favor of extending the rule's application to codefendant statements of admission have been rejected. United States v. Rogers, 652 F.2d 972, 976 (10th Cir.1981). The Bruton Court recognized that a jury must be relied upon to follow limiting instructions and can be expected to disregard information at the court's direction. However, the devastating impact of a codefendant's confession creates a situation "in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." Bruton, 391 U.S. at 135.
 
 
 10
 Here, the jury was not faced with Mr. Anderson's sworn confession. Moreover, it was instructed to consider various tape recorded conversations between Mr. Anderson and another Corporation Commissioner as evidence against Mr. Anderson exclusively. Although Mr. Anderson's admissions implicated Mr. Hopkins, we find no reason to conclude the jury was incapable of following the court's clear and thorough directive.
 
 
 11
 Further, the jury was restrained from using only some of the tape recorded evidence against Mr. Hopkins. In several of the taped conversations, Mr. Hopkins was a participant, and the jury was properly instructed that those tapes were admissible against him. Also, the conversations recorded in 1991, which involve discussions between Anderson and others including Mr. Hopkins, are directly related to the conspiracy to obstruct the FBI investigation. Even when a conspiracy is not charged, or dropped as in the present case, statements made by codefendants in the furtherance of a conspiracy are admissible where the existence of a conspiracy is independently established. United States v. Cotton, 646 F.2d 430, 433 (10th Cir.), cert. denied, 454 U.S. 861 (1981). Here, the district court determined the conspiracy was independently established. The 1991 tapes involving the FBI investigation were, therefore, admissible against Mr. Hopkins under Fed.R.Evid. 801(d)(2)(E).
 
 III.
 
 12
 Finally, the government argues that any prejudice suffered by Mr. Hopkins due to the erroneous admission of Anderson's taped conversations was harmless error. We agree. Even if error occurred in the admission of the Anderson tapes not covered by Fed.R.Evid. 801(d)(2)(E), the statements were not of constitutional dimensions and "the error is deemed harmless unless it had a substantial influence on the outcome or leaves one in grave doubt as to whether it had such effect." United States v. Flanagan, 34 F.3d 949, 955 (10th Cir.1994).
 
 
 13
 The record contains substantial testimony by a witness, Mike Murphy, describing the payoff procedure and how Murphy shared cash payments with Mr. Hopkins. The 1991 tapes, properly admitted under Fed.R.Evid. 801(d)(2)(E), detailed efforts to conceal the payoffs from the FBI. From those tapes, the jury heard recorded conversations among Hopkins, Anderson, Murphy and other Southwestern Bell executives plotting their "story" in the event federal agents questioned them. In light of the substantial evidence presented at trial and the repeated limiting instructions given by the trial judge, we are satisfied that any potential error was harmless.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3